UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MIGUEL ORTEGA-RODRIGUEZ,

    Defendant.

Case No. 6:13-cr-00136-AA

OPINION AND ORDER

AIKEN, Judge:

Defendant seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines (USSG). Defendant's motion is denied.

## DISCUSSION

On September 3, 2013, defendant was convicted of conspiracy to distribute 50 grams or more of a mixture containing methamphetamine. Under the USSG, the total offense level of 26 and his criminal history category of IV resulted in an advisory guideline range of 92-115 months. The parties

1    - OPINION AND ORDER

were mistaken as to defendant's correct criminal history category, and the plea agreement contemplated a guideline range of 78-97 months instead of 92-115 months. The government urged the Court to "give the benefit of the lawyers' mistake to the Defendant and impose a sentence in the 78 to 97 month range." Gov't Sent'g Mem. at 5. The government recommended a mid-range sentence of 87 months. This Court granted a variance and sentenced defendant to 78 months.

Amendment 782 reduces most base offense levels on the § 2D1.1 Drug Quantity Table, and Amendment 788 authorizes retroactive application of Amendment 782. Application of Amendment 782 reduces defendant's total offense level to 25, with an amended guideline range of 84-105 months. Defendant argues that he is eligible for an additional "lateral" variance to account for the downward variance the court allowed at sentencing. With an additional variance, the guideline sentencing range would be 70-87 months. Defendant requests a sentence of 70 months.

The government opposes defendant's motion, because his 78-month sentence is already below the amended guideline range of 84-105 months. Under USSG § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." USSG § 1B1.10(b)(2)(A); *see also id.* at n. 3. Under 18 U.S.C. § 3582(c)(2), a reduction in sentence is permitted only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *See also Dillon v. United States*, 560 U.S. 817, 821 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."). Thus, defendant's request is inconsistent with USSG § 1B1.10(b)(2), and the court lacks the authority to grant the reduction in sentence sought by defendant. *See United States v. Parker*, 617 Fed. App'x 806, 807 (9th Cir. Sept. 25, 2015) ("The

district court properly concluded that Parker is ineligible for a sentence reduction because her sentence is already below the amended Guidelines range."); *United States v. Munguia-Diaz*, 606 Fed. App'x 385, 386 (9th Cir. June 30, 2015) ("Because Munguia–Diaz's 144–month sentence is lower than the bottom of the new sentencing range, he is not eligible for a reduction."); *see also United States v. Aguilar*, 2016 WL 1085649, at *1, --- Fed. App'x --- (9th Cir. Mar. 21, 2016) ("Contrary to Aguilar's contention, his 'applicable guideline range' is determined without consideration of any departure or variance applied at his original sentencing.").

Defendant nevertheless argues that § 1B1.10(b)(2) violates the Equal Protection Clause by denying defendants who received downward variances from obtaining the benefit of Amendment 782 and creates sentencing disparities among similarly-situated defendants. This Court rejected similar arguments set forth by the defendant in *United States v. Bocanegra-Mosqueda*, No. 6:11-cr-60135-AA-1 (doc. 52), and the Court rejects them here for the same reasons.

## CONCLUSION

Accordingly, defendant's motion for reduction of sentence (doc. 29) is DENIED.

IT IS SO ORDERED.

Dated this 13 day of April, 2016.

_____
Ann Aiken
United States District Judge